# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HILERY NOEL MAISON,

    Petitioner,

v.

SHAWN BREWER,

    Respondent.
_____/

Case No. 2:19-CV-12046
HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

Hilery Noel Maison, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, Petitioner challenges her conviction for first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), two counts of torture, Mich. Comp. Laws § 750.85, and two counts of first-degree child abuse, Mich. Comp. Laws § 750.136b(2).

For the reasons stated below, in *lieu* of dismissing the Petition, the Court holds the Petition in abeyance and stays the proceedings under the terms outlined below to permit Petitioner to return to the state courts to exhaust her additional claim. The Court will also administratively close the case.

1

# I. BACKGROUND

Petitioner and her husband were convicted following a jury trial in the St. Clair County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Maison,* No. 332162, 2017 WL 5162310 (Mich. Ct. App. Nov. 7, 2017); *leave den.* 501 Mich. 1062, 910 N.W.2d 275 (2018).

Petitioner initially filed a *pro se* writ of habeas corpus on January 7, 2019. *See* ECF 2:19-CV-10057, ECF # 1. In her petition, she raised the following grounds:

I. There was insufficient evidence to convict Hilery Maison of the charges to felony murder as to Mackenzie Maison and torture and first degree child abuse as to both Mackenzie Maison and Makayla Maison [i]n violation of her state and federal constitutional right[s] to due process.

II. Mrs. Maison's Federal and State constitutional rights to the effective assistance of counsel were violated and she is entitled to a new trial where her trial counsel failed to request instructions on causation and or where she failed to request instructions on the necessarily included lesser offense of involuntary manslaughter.

Respondent moved to dismiss the petition on the ground that Petitioner's second claim was not exhausted with the state courts. This Court granted respondent's motion and entered an order dismissing the petition without prejudice, indicating that Petitioner should file a motion for relief from judgment to exhaust her state court remedies with the trial court, and return to file a new habeas petition with 30 day of the order. ECF 12, PageID.1753.

On July 3, 2019,[1] Petitioner filed a habeas petition, which is now before this Court, seeking a writ of habeas corpus on the following grounds:

> I. Defendant-Appellant's constitutional right to due process of law, US Const, Am, XIV; Const 1963, art I, section 17, was violated when the evidence of the two counts of 1st degree child abuse regarding Mackenzie and Makayla Maison was legally insufficient to convict Hilery Maison of that offense at trial and the trial court abused its discretion when it denied the motion for a directed verdict.
>
> II. Defendant-Appellant was denied the effective assistance of counsel guaranteed by the federal and state constitutions (US CONST, AM VI; CONST 1963, ART 1, § 20) where trial counsel failed to call the 10-year-old sibling who lived in the home and reported to police that nothing was amiss, failed to investigate or cross examine the experts as to Makayla's health issues that could have been caused by lead poisoning, failed to impeach Dr. Spitz on what Mackenzie's weight would have been if she hadn't been severely dehydrated at her time of death due to pneumonia, and failed to move for a *Daubert* hearing to determine the appropriate methodology to determine starvation and how dehydration affects that analysis.

Dkt. No. 1, pgs. 5, 22 (Pg. ID 5, 22). Maison attaches "Attachment A" to her Petition which alleges a claim of insufficient evidence to sustain her convictions and a second claim pertaining to the ineffective assistance of trial counsel for failure to request an instruction on causation and/or failure to request an instruction on the necessary included lesser offense of involuntary manslaughter. *See* Dkt. No. 1, pg. 51 (Pg. ID 51).

---

[1] Under the prison mailbox rule, this Court assumes that Petitioner filed her habeas petition on July 3, 2019, the date that it was signed and dated. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

The second claim is not contained within the Habeas Petition and it is not clear if Petitioner intends to again raise this unexhausted claim, attached to the Petition as "Attachment A," before this Court.

## II. DISCUSSION

As a general rule, a state prisoner seeking federal habeas relief must first exhaust her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)). A habeas petitioner has the burden of proving that she has exhausted her state court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner has filed for a writ of habeas corpus attaching an unexhausted claim to her Petition. The unexhausted claim is contained within "Attachment A" of the Petition.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto*, 207 F. Supp. 2d at 676. A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *See Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

This Court dismissed Petitioner's initial habeas petition without prejudice, to allow her to return to the trial court to exhaust the second claim contained in her original petition. Petitioner has two options pertaining to her jury instruction claim: 1) move to delete the claim pertaining to jury instructions located in "Attachment A" to her Petition, and proceed forward with the current Petition, or 2) file a motion for relief from judgment with the trial court to exhaust this claim and then return to this Court and file an amended petition.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith*, 581 F.3d at 419. Petitioner could exhaust her claims by filing a motion for relief from judgment with the St. Clair County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of her post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that she would raise in her post-conviction motion. *See e.g. Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The outright dismissal of the Petition, albeit without prejudice, might result in preclusion of consideration of Petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when the original petition was timely filed, as is the case here, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

The United States Supreme Court has indicated that a habeas petitioner who is concerned about the possible effects of her state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *Wagner v. Smith,* 581 F.3d at 419. Further, Petitioner may assert that she did not previously raise her claim in the state courts due to the ineffective assistance of appellate counsel. *Id.* at 419, n.4 and 5. Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that she had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting her state court remedies, the Court will

7

impose upon Petitioner time limits within which she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present her claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.* Further, she must ask this Court to lift the stay within ninety days of exhausting her state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).[2]

### III. ORDER

Accordingly, **IT IS ORDERED** that <u>Petitioner may file a motion for relief from judgment with the state court within ninety (90)</u> days of receipt of this Court's order. If Petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present Petition without prejudice.

If Petitioner files a motion for relief from judgment, <u>she shall notify this Court</u> that such motion papers have been filed in the state court. The case shall then be held in abeyance pending Petitioner's exhaustion of the claim or claims.

<u>Petitioner shall re-file her habeas petition within 90 days</u> after the conclusion of the state court post-conviction proceedings, using the same caption and case

---

[2] This Court has the discretion to stay the Petition and hold it in abeyance even though Petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x 414, 422, n.7 (6th Cir. 2005).

8

number. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Alternatively, if Petitioner chooses not to file a motion for relief from judgment to exhaust her state court remedies, Petitioner may delete her unexhausted ineffective assistance of counsel claim by notifying this Court.

Failure to comply with any of the conditions of the stay may result in the dismissal of Petitioner's Habeas Petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the Habeas Petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

SO ORDERED.


Dated: August 14, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
August 14, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager