UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILERY NOEL MAISON,

    Petitioner,

v.

SHAWN BREWER,

    Respondent.
_____/

Case No. 19-cv-12046

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER RE-OPENING THE PETITION FOR A WRIT OF HABEAS CORPUS TO THE COURT'S ACTIVE DOCKET, GRANTING THE MOTION TO AMEND THE PETITION FOR WRIT OF HABEAS CORPUS, ORDERING THAT THE PETITION (ECF NO. 1) BE SERVED UPON THE RESPONDENT AND THE MICHIGAN ATTORNEY GENERAL, AND DIRECTING RESPONDENT TO FILE AN ANSWER AND THE RULE 5 MATERIALS**

Hilery Noel Maison, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a petition for a writ of habeas corpus, in which she challenged her conviction for first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), two counts of torture, Mich. Comp. Laws § 750.85, and two counts of first-degree child abuse, Mich. Comp. Laws § 750.136b(2). On August 14, 2019, this Court held the petition in abeyance and administratively closed the case because the petition contained an unexhausted claim.

1

Petitioner has since sent a letter to this Court (ECF No. 5), indicating that she mistakenly included the unexhausted claim in her petition, wishes to delete that claim, and proceed only with the exhausted claims. This Court construes the letter as a Motion to Reopen the Case and to Amend the Petition.

For the reasons stated below, Petitioner's request to re-open the habeas petition is granted. The Court will further grant Petitioner's motion to amend her habeas petition to delete the unexhausted claim. The Court will further order that the Clerk of the Court serve a copy of the petition for writ of habeas corpus upon respondent and the Michigan Attorney General's Office by first class mail. The Court further ORDERS the Respondent to file an answer addressing the merits of the exhausted claims contained in the amended habeas petition within 120 days of the Court's order as well as the Rule 5 materials.

A district court must allow a habeas petitioner to delete the unexhausted claims from his or her petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Rhines v. Weber,* 544 U.S. 269, 278 (2005); *see also Banks v. Jackson,* 149 F. App'x 414, 422 (6th Cir. 2005). In addition, a district court has the power to amend a previously dismissed habeas petition to delete an unexhausted claim and to then reinstate that amended petition to the court's active docket. *See, e.g., Hoffman v. Jones,* 159 F. Supp. 2d 648, 649 (E.D. Mich. 2001). The Court will

grant petitioner's request to reinstate the case and to amend the petition to delete the unexhausted claim from her original petition. *Id.*

The Court will further order that the Clerk of the Court serve a copy of the habeas petition (ECF No. 1) and a copy of this Order on Respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. *See Coffee v. Harry,* No. No. 04-71209, 2005 WL 1861943, *2 (E.D. Mich. Aug. 2, 2005).

The Court will also order the Respondent to file an answer which addresses the merits of the exhausted claims contained in the habeas petition within 120 days of the Court's order. *See* 28 U.S.C. § 2243; *see also Erwin v. Elo,* 130 F. Supp. 2d 887, 890–91 (E.D. Mich. 2001). Respondent is also ordered to provide this Court with the Rule 5 materials at the time that it files its answer. *See* Rule 5 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002).

Petitioner has forty-five days from the receipt of the answer to file a reply brief, if she so chooses. *See* Rule 5(e) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

IT IS SO ORDERED.

Dated: October 3, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
October 3, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager